



Electronically Filed
3/15/2018 2:32 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
JOSEPH A. GUTIERREZ, ESQ.
2  Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
3  Nevada Bar No. 10549
**MAIER GUTIERREZ & ASSOCIATES**
4  8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
5  Telephone: 702.629.7900
Facsimile:  702.629.7925
6  E-mail:     jag@mgalaw.com
            sgc@mgalaw.com
7
*Attorneys for Plaintiff Sarkis K. Semerdjian*
8

9                    **DISTRICT COURT**

10              **CLARK COUNTY, NEVADA**

                                        A-18-771174-C
11

SARKIS K. SEMERDJIAN. an individual,      | Case No.:
12                                        | Dept. No.:     Department 22
            Plaintiff,
13                                        | **COMPLAINT**
vs.
14                                        | **DEMAND FOR JURY TRIAL**
GEICO CASUALTY COMPANY, a
15  corporation; DOES I through X; and ROE  | **Arbitration Exemptions:**
CORPORATIONS I through X, inclusive,       |   1.  **Action for Declaratory Relief**
16                                        |   2.  **Damages in Excess of $50,000**
            Defendants.
17

18          Plaintiff, SARKIS K. SEMERDJIAN, by and through his attorneys of record, the law firm
19  MAIER GUTIERREZ & ASSOCIATES hereby demands a trial by jury and complains and alleges against
20  defendants as follows:
21                              **PARTIES AND JURISDICTION**
22          1.      Plaintiff SARKIS K. SEMERDJIAN is, and at all times relevant hereto was, a resident
23  of Clark County, Nevada.
24          2.      Upon  information  and  belief,  defendant  GEICO  CASUALTY  COMPANY
25  ("GEICO") is, and at all times relevant hereto was, a corporation organized under the laws of the state
26  of Nevada.
27          3.      Upon information and belief, each of the defendants sued herein as defendants DOES
28

                                        1

I-X, inclusive, are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to plaintiff as alleged herein; that when the true names and capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

4.      Upon information and belief, each of the defendants sued herein as ROE CORPOATIONS I-X, inclusive, are responsible in same manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to plaintiff as alleged herein; that when the true names and capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

5.      At all relevant times, defendants, and each of them, were the agents, ostensible agents, servants, employees, employers, partners, co-owners and/or joint venturers of each other and of their co-defendants, and were acting within the color, purpose and scope of their employment, agency, ownership and/or joint ventures and by reason of such relationships with defendants, and each of them, are vicariously and jointly and severally responsible and liable for the acts and/or omissions of their co-defendants.

6.      Plaintiff's complaint states a controversy over which this Court has jurisdiction and venue is properly in this Court as the policy of insurance in question was sold and delivered in Clark County, Nevada, and the claim in controversy resulted from an insured loss in Clark County, Nevada. This matter in controversy exceeds, exclusive of interests and costs, the minimum jurisdictional amount of the Court of $15,000.00.

## GENERAL ALLEGATIONS

7.      That plaintiff SARKIS SEMERDJIAN is, and at all times mentioned herein was, the operator of a 2008 Nissan Quest.

8.      That non-party DONALD BOYSAL is, and at all times mentioned herein was, the operator of a 2005 Chevrolet Silverado

9.      On or about December 10, 2014, in Clark County, Nevada, non-party DONALD

2

1  BOYSAL failed to use due care, and struck the vehicle of plaintiff SARKIS SEMERDJIAN.

2          10.     Upon information and belief, defendant GEICO was notified of plaintiff SARKIS
3  SEMERDJIAN'S Uninsured Motorist Claim ("UIM") on or about November 19, 2015.

4          11.     Defendant GEICO acknowledged receipt and notice of the UIM claim on or about
5  November 25, 2015.

6          12.     On or about December 2, 2015, defendant GEICO sent a letter enclosing forms to be
7  executed and returned to process plaintiff, SARKIS SEMERDJIAN's UIM claim.

8          13.     On or about February 18, 2016, a medical payments submission was sent to GEICO
9  enclosing medical and billing records incurred to date for plaintiff, SARKIS SEMERDJIAN.

10          14.     On or about March 15, 2016, defendant GEICO sent a letter requesting an update on
11  plaintiff, SARKIS SEMERDJIAN's file with reports and documentation.

12          15.     On or about October 12, 2016, plaintiff SARKIS SEMERDJIAN made a formal
13  written demand to defendant GEICO for all applicable policy limits under the Policy advising
14  SARKIS SEMERDJIAN's medical specials at that time were in an excess of $62,217.25 with future
15  specials totaling $29,400.00 to $41,400.00.

16          16.     The policy limits demand included all information necessary for defendant GEICO
17  evaluate the demand and pay the policy limits.

18          17.     On or about October 27, 2016, defendant GEICO responded to the policy limits
19  demand by requesting five (5) years of medical records with films along with any current films, list
20  of medical providers, and an executed HIPPA authorization from plaintiff, SARKIS SEMERDJIAN.

21          18.     On or about December 21, 2016, defendant GEICO sent a letter requesting an update
22  on prior medical records from plaintiff, SARKIS SEMERDJIAN.

23          19.     On or about February 22, 2017, defendant GEICO's counsel Katherine M. Barker,
24  Esq., faxed a letter requesting to intervene as the underinsured carrier for plaintiff, SARKIS
25  SEMERDJIAN, enclosing a stipulation and order to intervene for execution on behalf of both parties
26  in case *Sarkis Semerdjian v. Donald Boysal*, Case No. A-15-728232-C.

27          20.     Defendant, GEICO, filed the stipulation and order to intervene almost four (4) months
28  later on June 16, 2017.

21.     On or about July 24, 2017, defendant GEICO filed a Demand for Prior Pleadings and Discovery and Intervenor's Answer in Intervention in the above-referenced matter.

22.     On or about August 16, 2017, plaintiff, SARKIS SEMERDJIAN filed Plaintiff's Response to Intervenor's Demand for Prior Pleadings and Discovery, including all pleadings and discovery to date.

23.     Defendant GEICO was registered to the Court's electronic service list as of February 2, 2017, which put them on notice as plaintiff's medical and billing records were being supplemented and rising from $64,122.25 with future specials as listed in plaintiff's third supplement to $90,365.57 with future specials as listed in plaintiff's seventh supplement.

24.     Defendant GEICO had been well aware of plaintiff's medical and billing records and had immediate access to those supplements since February 2, 2017.

25.     On August 15, 2017, a mandatory settlement conference was held in the above-referenced matter (Case No. A-15-728232-C).

26.     Michael Rawlings, Esq. was in attendance at the mandatory settlement conference on behalf of GEICO.

27.     GEICO indicted that it was unaware of plaintiff, SARKIS SEMERDJIAN's injuries, treatment, and medical charges at that time.

28.     On or about August 17, 2017, a letter was sent to GEICO's counsel regarding the mandatory settlement conference that was held on August 15, 2017, advising GEICO to tender the UIM policy of $100,000.00 and reminding GEICO that plaintiff's medical specials were in an excess of $90,000.00 with future specials in the range of $15,500.00 to $21,500.00.

29.     On or about August 28, 2017, defendant GEICO's counsel faxed a responsive letter indicating the original demand sent to GEICO did not contain the $90,000.00 plus in claimed medical expenses and they would not be accepting plaintiff's demand for the UIM claim.

30.     On or about February 6, 2018, a second demand was sent to defendant GEICO containing further information and documentation regarding additional medical specials incurred since the last demand. and requesting that GEICO make a claims decision on the UIM claim.

31.     To date, GEICO has failed to provide a claims decision on plaintiff's UIM claim.

4

32.     GEICO has refused to properly evaluate plaintiff's UIM claim and instead has piggy-backed off the evaluation conducted by non-party DONALD BOYSAL.

33.     Defendant GEICO'S refusal to properly or fairly evaluate or adjust this claim, or timely pay the Policy's limits demand, was made without a reasonable basis in fact or law.

34.     Defendant GEICO's refusal to properly or fairly evaluate or adjust this claim, or timely pay the Policy's limits demand, was made in bad faith and/or for the purpose of denying the benefits of contract for underinsured/uninsured motorist coverage to plaintiff.

35.     Defendant GEICO's refusal to properly or fairly evaluate or adjust this claim, or timely pay the Policy's limits demand, was an unlawful attempt to force plaintiff to accept money less than the amount due under the Policy.

36.     Defendant GEICO's refusal to pay plaintiff the benefits due under the applicable contracts of insurance was malicious, willful and intentional, and, in fact, did cause injury to plaintiff in excess of $15,000.00.

37.     Defendant GEICO's actions justify an award of punitive damages.

38.     Plaintiff has been required to engage the services of an attorney, and accordingly, has incurred attorney's fees and costs to bring this action.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY RELIEF)

39.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

40.     An actual controversy exists between plaintiff SARKIS SEMERDJIAN on the one hand, and defendant GEICO, on the other hand, arising out of the event alleged herein above. Specifically, plaintiff contends that defendant GEICO has no legal basis for refusing to pay fully the benefits due plaintiff in accordance with the terms of the Policy and within Nevada law.

41.     Upon information and belief, defendant GEICO disputes plaintiff's contentions herein.

42.     Plaintiff therefore seeks declaratory relief from this Court with respect to said controversies, and a judicial determination of the rights and responsibilities of the parties and of all appropriate remedies available to them.

## SECOND CLAIM FOR RELIEF

### (BREACH OF CONTRACT)

43.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

44.    Plaintiff SARKIS SEMERDJIAN and defendant GEICO were bound by a contractual relationship pursuant to the Policy.

45.    The actions of defendant GEICO, as described herein, constituted a breach of contract between itself and plaintiff, and as a direct result thereof, plaintiff have been damaged in a sum in excess of $15,000.

46.    As a direct and proximate result of the wrongful conduct of defendant GEICO, plaintiff has suffered, and will continue to suffer in the future, damages in excess of $15,000.00, to be proven at trial.

47.    As a direct and proximate result of the wrongful conduct of defendant GEICO, plaintiff has been compelled to retain counsel to obtain the benefits of the bargain negotiated by the parties within the Insurance Policy.  Defendant GEICO is liable to plaintiff for the attorney's fees and costs incurred in enforcing the terms of the Policy.

## THIRD CLAIM FOR RELIEF

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

48.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

49.    Defendant GEICO has tortuously breached its duty of good faith hand fair dealing owed to plaintiff in the following respects:

      a.    Unreasonably misrepresenting to plaintiff pertinent facts and Policy provisions in relation to the insurance coverage at issue;

      b.    Unreasonably refusing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

      c.    Bad faith failure to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

6

      d.     Not attempting in good faith to effectuate a prompt, fair and equitable resolution of plaintiff's claims at a time when liability was reasonably clear;

      e.     Bad faith failure to provide to provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts and laws, for its refusal to pay fully the benefit due under the Policy; and

      f.     Maintaining and enforcing a business practice of forcing claimants such as plaintiff to initiate litigation in order to enforce rights owed under defendant's policies.

50.     Upon information and belief, defendant GEICO has breached its duty of good faith and fair dealing owed to plaintiff by other acts or omissions of which plaintiff is presently unaware. Plaintiff will seek leave of the Court to amend this complaint at such times as the other acts or omissions of defendant GEICO constitutes such breach are discovered, and to name such additional defendants as may be identified during discovery.

51.     As a direct and proximate result of the wrongful conduct of defendant GEICO, plaintiff has suffered, and will continue to suffer in the future, damages in excess of $15,000.00, to be proven at trial.

52.     As a direct and proximate result of the wrongful conduct of defendant GEICO, plaintiff has been compelled to retain counsel to obtain the benefits of the bargain negotiated by the parties within the Policy.  Defendant GEICO is liable to plaintiff for the attorney's fees and costs incurred in enforcing the terms of the Policy.

53.     The wrongful conduct of defendant GEICO, as described herein, was intended to cause injury to plaintiff, or was despicable conduct carried on by defendant GEICO with a willful and conscious disregard of rights and was an intentional misrepresentation, deceit or concealment of material facts known to defendants, and each of them, with the intention, implied or in fact, to deprive plaintiffs of property, legal rights, or fraud within NRS 42.005, entitling plaintiff to punitive and/or exemplary damages in an amount appropriate to punish and/or set an example of defendant GEICO.

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (UNFAIR PRACTICES IN SETTLING CLAIM)

54.   Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

55.   As entities engaged in the business of insurance in Nevada, defendant GEICO, is, and at all relevant times was, an entity regulated by law within NRS Chapter 686A.

56.   As an insured under the Policy with defendant GEICO, plaintiff is a member of the class of persons sought to be protected within NRS 686A.310, from which law plaintiff derives a private cause of action against defendant GEICO.

57.   By the acts and omissions as alleged herein, defendant GEICO has violated its duties set forth in NRS 686A.310, in the following particulars:

> a.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, as prohibited by NRS § 686A.310(1)(b);
>
> b.   Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies as prohibited by NRS § 686A.310(1)(c);
>
> c.   Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements had been completed and submitted by plaintiff, as prohibited by NRS § 686A.310(1)(d);
>
> d.   Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear as prohibited by NRS § 686A.310(1)(e);
>
> e.   Compelling an insured to litigate to recover benefits due under insurance policies as prohibited by NRS § 686A.310(1)(f); and
>
> f.   Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or

1   compromise the claim.

2      58.   Defendant GEICO never attempted to settle plaintiff's claim for an amount to which

3 a reasonable person would have believed he/she was entitled by reference to written or printed

4 advertising material accompanying or made part of an application, in violation of NRS §

5 686A.310(1)(g).

6      59.   As a direct and proximate result of the wrongful conduct of defendant GEICO, plaintiff

7 has suffered, and will continue to suffer in the future, damages in excess of $15,000.00, to be proven

8 at trial.

9      60.   As a direct and proximate result of the wrongful conduct of defendant GEICO, plaintiff

10 has been compelled to retain counsel to obtain the benefits of the bargain negotiated by the parties

11 within the Policy.

12      61.   Defendant is liable to plaintiff for the attorney's fees and costs incurred in enforcing

13 the terms of the Insurance Policy.

14      62.   The wrongful conduct of defendant GEICO, as described herein, was intended to cause

15 injury to plaintiff, or was despicable conduct carried on by defendant GEICO, with a willful and

16 conscious disregard of rights and was an intentional misrepresentation, deceit or concealment of

17 material facts known to defendant GEICO with the intention, implied or in fact, to deprive plaintiff

18 of property, legal rights, or fraud within NRS 42.005, entitling plaintiffs to punitive and/or exemplary

19 damages in an amount appropriate to punish and/or set an example of defendant GEICO.

20                   **PRAYER FOR RELIEF**

21     WHEREFORE, plaintiff pray for judgment against defendants, and each of them, as follows:

22      1.   For a declaration and order that defendant GEICO's refusal to pay benefits due

23 plaintiff under the insurance contract is unlawful;

24      2.   For damages for failure to honor the terms of the Policy and other consequential

25 damages, plus interest as provided by law, including prejudgment and statutory interest, in sums to

26 be determined at trial;

27      3.   For punitive and/or exemplary damages in an amount appropriate to punish and/or set

28 an example of defendant GEICO;

1        4.     For compensatory and/or consequential damages in accord with proof adduced at the

2   time of trial;

3        5.     For attorney's fees reasonably incurred to enforce plaintiff's rights within the Policy

4   and at law, in a sum to be determined at the time of trial pursuant to applicable law, including NRS

5   18.010 and 689A.410;

6        6.     For costs of suit incurred herein; and

7        7.     For such other and further relief as the Court may deem appropriate.

8        DATED this 15th day of March, 2018.

9                                Respectfully submitted,

10                            **MAIER GUTIERREZ & ASSOCIATES**

11

12                            */s/ Joseph A. Gutierrez*

                                JOSEPH A. GUTIERREZ, ESQ.

13                            Nevada Bar No. 9046

                                STEPHEN G. CLOUGH, ESQ.

14                            Nevada Bar No. 10549

                                8816 Spanish Ridge Avenue

15                            Las Vegas, Nevada 89148

                                *Attorneys for Plaintiff Sarkis K. Semerdjian*

16

17

18

19

20

21

22

23

24

25

26

27

28

B

B

Electronically Filed
3/15/2018 2:32 PM
Steven D. Grierson
CLERK OF THE COURT

1   **IAFD**
    JOSEPH A. GUTIERREZ, ESQ.
2   Nevada Bar No. 9046
    STEPHEN G. CLOUGH, ESQ.
3   Nevada Bar No. 10549
    **MAIER GUTIERREZ & ASSOCIATES**
4   8816 Spanish Ridge Avenue
    Las Vegas, Nevada 89148
5   Telephone: 702.629.7900
    Facsimile:  702.629.7925
6   E-mail:     jag@mgalaw.com
                sgc@mgalaw.com
7
    *Attorneys for Plaintiff Sarkis K. Semerdjian*
8
                        **DISTRICT COURT**
9
                    **CLARK COUNTY, NEVADA**
10
                                            A-18-771174-C
11  SARKIS K. SEMERDJIAN. an individual,   Case No.:
                                            Dept. No.:   Department 22
12                  Plaintiff,
                                            **INITIAL APPEARANCE FEE**
13  vs.                                     **DISCLOSURE (NRS CHAPTER 19)**

14  GEICO CASUALTY COMPANY, a
    corporation; DOES I through X; and ROE
15  CORPORATIONS I through X, inclusive,

16                  Defendants.

17          Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for
18
    parties appearing in the above-entitled action as indicated below:
19
        SARKIS K. SEMERDJIAN                        $270.00
20
        **TOTAL:**                                  **$270.00**
21
        DATED this 15th day of March, 2018.
22
                                    **MAIER GUTIERREZ & ASSOCIATES**
23

24                                      */s/ Joseph A. Gutierrez*
                                        JOSEPH A. GUTIERREZ, ESQ.
25                                      Nevada Bar No. 9046
                                        STEPHEN G. CLOUGH, ESQ.
26                                      Nevada Bar No. 10549
                                        8816 Spanish Ridge Avenue
27                                      Las Vegas, Nevada 89148
                                        *Attorneys for Plaintiff Sarkis K. Semerdjian*
28

                                        1

Electronically Filed
4/12/2018 4:36 PM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
E-mail:    jag@mgalaw.com
           sgc@mgalaw.com

*Attorneys for Plaintiff Sarkis K. Semerdjian*

## DISTRICT COURT

## CLARK COUNTY, NEVADA A-18-771174-C

Department 22

|  |  |
|---|---|
| SARKIS K. SEMERDJIAN. an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, a corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**SUMMONS - CIVIL** |

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

### GEICO CASUALTY COMPANY

A civil complaint has been filed by the Plaintiff against you for the relief set forth in the complaint.

1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

(a)     File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b)     Serve a copy of your response upon the attorney whose name and address is

1

1      shown below.

2      2.    Unless you respond, your default will be entered upon application of the Plaintiffs and

3 failure to so respond will result in a judgment of default against you for the relief demanded in the

4 complaint, which could result in the taking of money or property or other relief requested in the

5 complaint.

6      3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly

7 so that your response may be filed on time.

8      4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board

9 members, commission members and legislators each have 45 days after service of this Summons

10 within which to file and Answer or other responsive pleading to the complaint.

11                       CLERK OF THE COURT         3/15/2018

12

13                       Deputy Clerk    Ivonne Hernandez Date

14                       Regional Justice Court
                        200 Lewis Avenue

15                       Las Vegas, Nevada 89155

Respectfully submitted,

16 MAIER GUTIERREZ & ASSOCIATES

17

18

19 JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046

20 STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549

21 6428816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

22 *Attorneys for Plaintiff Sarkis K. Semerdjian*

23

24

25

26

27

28

                          2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO                    FAX NO<br>E-MAIL ADDRESS<br>ATTORNEY FOR | |

DISTRICT COURT - CLARK COUNTY, NEVADA
STREE ADDRESS: 200 S. Third St.
MAILING ADDRESS: 200 S. Third St.
CITY AND ZIP CODE: Las Vegas, NV 89155
BRANCH NAME: District Court - Clark County, Nevada

| PLAINTIFF/PETITIONER: Semerdjian | Case Number<br>A-18-771174-C |
|---|---|
| DEFENDANT/RESPONDENT: Geico Casualty | |
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No<br>Maier/554326 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:     Summons and Complaint; Civil Cover Sheet

3. a. Party served:     Geico Casualty Company, a corporation

   b. Person served:     CT Corp., Agent for Service, Vivian Imperial - Authorized Person for Service
   **PURSUANT TO N.R.S. 14.020**

4. Address where the party was served:     818 W. 7th St., Ste. 930, Los Angeles, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): Mar, 28 2018     (2) at (time): 12:57 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
      Geico Casualty Company, a corporation
      under the following Code of Civil Procedure section:     CCP 416.10 (corporation)

7. Person who served papers
   a. Name:  Delbert Salgado - Sano Attorney Service
   b. Address:  P.O. Box 1568, Riverside, CA 92502
   c. Telephone number:  (909) 425-2248
   d. The fee for service was: $
   e. I am:  (3) registered California process server:

         (i)  Employee or independant contractor
         (ii)  Registration No.:  PSC2448
         (iii) County:  Orange

NOTARIAL JURAT
State of California; County of San Bernardino
Subscribed and sworn to (or affirmed) before me
on this 30 day of March , 20 18
by Delbert Salgado
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____



8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: March 29, 2018

         Delbert Salgado                                                                      _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

16